IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| S. L. BEAL, | ) |
|       Petitioner, | ) |
| v. | )    CIV-05-253-M |
| RON WARD, Director of the Oklahoma | ) |
|       Department of Corrections, | ) |
|       Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. Respondent has filed a Motion to Dismiss Petition for Habeas Corpus for Failure to State a Claim Cognizable Under 28 U.S.C. §2254, to which Petitioner has responded. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be denied.

Petitioner filed his Petition on March 4, 2005, seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241. In ground one of the Petition, Petitioner asserts that he is being denied the right to be considered for release on medical parole. In support of this claim, Petitioner contends that a permanent trachea was implanted in his throat during surgery for

throat cancer conducted in February 2004, that some months later a cancerous tumor developed on his back, that a physician who has treated him at Great Plains Correctional Facility ("GPCF"), Dr. Valdamire Holy, authored a letter recommending that Petitioner be released on medical parole, and that he "clearly qualif[ies] for [medical parole] under the provisions of Title 57 O.S. § 332.18." Petition, at 7.  However, Petitioner asserts that the GPCF health services administrator, Mr. Maize, destroyed Dr. Holy's letter and advised Petitioner that in his opinion Petitioner does not qualify for release on medical parole.

In ground two of the Petition, Petitioner contends that his right to due process has been violated by Mr. Maize's destruction of Dr. Holy's letter recommending Petitioner be released on medical parole.  Petitioner contends that the destruction of Dr. Holy's letter prevents Petitioner from being considered for release on medical parole.

Respondent has moved to dismiss the Petition for failure to state a claim under 28 U.S.C. §2254.[1]  Respondent first mistakenly asserts in his Brief in Support of the Motion to Dismiss that this Court interpreted the cause of action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  The Order for Response entered by the undersigned on March 8, 2005, clearly describes the Petition as one seeking relief under 28 U.S.C. §2241.  In the

---

[1]Respondent also asserts that the proper Respondent in this matter is Ron Ward, Director of the Oklahoma Department of Corrections, and that Mr. Ward should be substituted as the proper party.  As Mr. Ward has previously been determined to be the proper Respondent in this matter, Respondent's request is moot.  See Order for Response entered March 8, 2005.

Petition, Petitioner states that "[t]his is a Federal § 2241 Complaint, or other Appropriate Complaint Seeking Relief or Remedy." Petition, at 1.

Respondent next asserts that the cause of action "clearly" challenges the conditions of Petitioner's confinement and therefore should be construed as a civil rights complaint under 42 U.S.C. §1983. Brief in Support, at 2. In McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997), upon which Respondent relies, the Tenth Circuit Court of Appeals addressed the distinction between a 28 U.S.C. §2241 petition and a 42 U.S.C. §1983 civil rights action. Noting that the "fundamental purpose of a §2241 habeas proceeding is the same as that of §2254 habeas and §2255 proceedings," the court held that §2241 petitions are not "civil actions" within the meaning of 28 U.S.C. §§1915(a)(2) and (b). Id. at 811. The court in McIntosh reasoned that "although a §2241 attack on the execution of a sentence may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters, ... this does not make §2241 actions like 'condition of confinement' lawsuits, which are brought under civil rights laws." Id. at 811-812. "A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" Id. at 812 (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993))(other citations omitted).

In another recent decision that is relevant here, Boutwell v. Keating, 399 F.3d 1203 (10th Cir. 2005), the Tenth Circuit Court of Appeals addressed the distinction between a 42

3

U.S.C. §1983 cause of action and a habeas action. Relying on the Supreme Court's approach set forth in Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), to determining whether a state prisoner is bringing a claim under 42 U.S.C. §1983, the court stated that "[a] prisoner may use §1983 to challenge the *conditions* of his confinement, but habeas corpus is the only avenue for a challenge to the *fact* or *duration* of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement." Id. at 1209 (emphasis in original). In that case, the prisoner brought suit under 42 U.S.C. §1983, alleging that the denial of his request for placement in a pre-parole program violated his constitutional rights and seeking his placement in the program. The circuit court concluded that the prisoner was required to bring his action under 28 U.S.C. §2241[2] because (1) "habeas is not limited to those claims that, if successful, would lead to the prisoner's *unconditional* release from confinement" and (2) the prisoner's request for immediate placement into Oklahoma's pre-parole program was analogous to a request to be released on parole because it represents a "fundamental change" in the prisoner's confinement. Id. at 1209-1210.

Therefore, to determine whether Petitioner may proceed under §2241, this Court must ascertain whether Petitioner's claims challenge the conditions of his confinement or the fact or duration of his confinement. In ground one of the Petition, Petitioner asserts a right to be

---

[2]The court noted that the petitioner's challenge to "the execution of his sentence" was an action seeking habeas relief under 28 U.S.C. §2241 rather than under 28 U.S.C. §2254. Id. at 1210 n. 2.

considered for release on medical parole. Although a release on medical parole would not be unconditional, such a release would, if granted, fundamentally change the Petitioner's confinement from incarceration to parole status. Thus, Petitioner has properly brought this claim under 28 U.S.C. §2241 because it challenges the execution of his sentence, rather than the sentence itself, and it seeks an opportunity to be considered by the Oklahoma Pardon and Parole Board for earlier release from confinement.

With respect to the claim alleged in ground two, Petitioner is alleging a due process violation based on the alleged destruction of the latter written by Dr. Holy recommending Petitioner for release on medical parole. Petitioner contends that this act of destroying the letter has "prevented the process of Medical Parole [for] the Petition from being started...." Petition, at 7. Petitioner does not seek compensation for this alleged due process deprivation. Rather, Petitioner is in essence alleging that his right to procedural due process was violated by the action of the GPCF health services administrator in destroying Dr. Holy's letter recommending his release on medical parole. This action, Petitioner alleges, prevented him from being considered for release on medical parole by the Oklahoma Pardon and Parole Board. Although this presents a close question, the claim can be interpreted as a challenge to the execution of Petitioner's sentence and not a challenge to the conditions of his confinement in that it alleges conduct which denied Petitioner his right to be considered for release on medical parole. Accordingly, Petitioner has properly brought this claim under 28 U.S.C. §2241. See Jones v. Hannigan, No. 00-3099, 2001 WL 20789 (10th Cir. Jan. 9,

2001)(unpublished op.)("[C]hallenges to parole procedures concern the execution of a petitioner's sentences and therefore must be brought under 28 U.S.C. §2241.").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Respondent's Motion to Dismiss Petition for Habeas Corpus for Failure to State a Claim Cognizable Under 28 U.S.C. §2254 (Doc. #8) be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by   May 11th , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   21st   day of   April  , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE